UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| NTD I, LLC, NORTH TOWER DEVELOPMENT, LLC, and PAUL WEISMANN, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 4:16CV1246 ERW |
| ALLIANT ASSET MANAGEMENT COMPANY, LLC, ALLIANT CAPITAL, LTD., ALLIANT CREDIT FACILITY ALP, LLC, and ALLIANT TAX CREDIT FUND 36, LTD, and ALLIANT TAX CREDIT 36, LLC., | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Alliant Tax Credit Fund 36, Ltd., and Alliant Tax Credit 36, LLC.'s Motion for Leave to File Second Amended Counterclaims [62].

**I.    BACKGROUND**

NTD I, LLC, North Tower Development, LLC, and Paul Weismann filed this complaint on August 1, 2016, asserting various claims against the defendants related to a limited partnership agreement between the parties. On March 17, 2017, following this Court's dismissal of some of the claims, Alliant Tax Credit Fund 36, Ltd., and Alliant Tax Credit 36, LLC, filed their answer [41] and asserted two counterclaims against NTD I, LLC, and Weismann: (1) Count I, for declaratory judgment that Rental Achievement has not been attained; and (2) Count II, for breach of contract and injunctive relief with respect to an operating reserve. On April 7, 2017, they filed their First Amended Counterclaims [45], adding WC Orange, LLC, as a party and asserting new claims relating to WC Orange, LLC,'s acquisition of certain indebtedness of the

1

partnership. These new claims included (1) Count III, for breach of contract and injunctive relief, and (2) Count IV, for breach of fiduciary duty and injunctive relief.

Alliant Tax Credit Fund 36, Ltd., and Alliant Tax Credit 36, LLC, now seek to further amend their counterclaims to include new allegations based on information learned during the course of discovery. These factual allegations generally involve NTD I, LLC,'s failure to adhere to certain contractual obligations and fiduciary duties, including the duty to get the consent of Alliant Tax Credit Fund 36, LLC, before directly or indirectly acquiring any indebtedness of the partnership. The proposed amended complaint asserts NTD I, LLC, facilitated the debt purchase transaction between WC Orange, LLC, and U.S. Bank, the partnership's previous creditor, at a discounted price. The allegations also include details concerning Weismann, the sole member of NTD I, LLC, and his direct control of WC Orange, LLC. The proposed amended complaint argues WC Orange, LLC,'s ownership of the partnership's debt has created the very conflict of interest the partnership agreement's consent clause was intended to protect against because Weismann is obligated to make the debt payments as manager of NTD I, LLC, while also standing to benefit from WC Orange, LLC,'s foreclosure on the partnership's debt. Alliant Tax Credit Fund 36, Ltd., and Alliant Tax Credit 36, LLC, allege Weismann has stopped making payments on the partnership's debt and has admitted WC Orange, LLC, is considering foreclosing on it. Accordingly, the proposed amended complaint requests this Court hold the debt acquired by WC Orange, LLC, in a constructive trust to prevent WC Orange, LLC, from foreclosing on the debt.

In their memorandum in opposition, NTD I, LLC, Weismann, and WC Orange, LLC, argue the motion to amend should be denied because the proposed amended complaint is futile. They specifically allege the imposition of a constructive trust is unwarranted because Alliant Tax

Credit Fund 36, Ltd., and Alliant Tax Credit 36, LLC, have "never had any legal or beneficial interest" with respect to the Partnership Debt Instruments. They also state this Court should not permit "the serial amendment of a complaint" only so the counterclaim plaintiffs can "refine and embellish their existing factual allegations to reflect the results of discovery."

In reply, Alliant Tax Credit Fund 36, Ltd., and Alliant Tax Credit 36, LLC, assert a constructive trust is the appropriate remedy because Weismann has admitted WC Orange, LLC, is considering foreclosing on the debt and the purchase of that debt was made by breaching the partnership agreement. They argue the need for a constructive trust is further exacerbated by the conflict of interest between Weismann's role as manager of NTD I, LLC, and his direct control of WC Orange, LLC.

## II. DISCUSSION

Under Rule 15(a) of the Federal Rules of Civil Procedure, a court should freely grant parties leave to amend their pleadings when justice so requires. "[D]enial of leave to amend pleadings is appropriate only in those limited circumstances in which undue delay, bad faith on the part of the moving partly, futility of the amendment, or unfair prejudice to the non-moving party can be demonstrated." *Roberson v. Hayti Police Dept.*, 241 F.3d 992, 995 (8th Cir. 2001). The standard for denying a motion to amend because of futility is stringent. *Gross v. Se. Hosp. Ass'n*, 2016 WL 7033753, at *1 (E.D. Mo. Dec. 2, 2016). "[A] party's motion to amend should be dismissed on the merits only if it asserts clearly frivolous claims or defenses." *Id.*

This Court does not agree the proposed amended complaint is futile. The new factual allegations and requested relief in the amended complaint merely constitute an attempt by Alliant Tax Credit Fund 36, Ltd., and Alliant Tax Credit 36, LLC, to protect their interest in the partnership assets. Although Weismann, NTD I, LLC, and WC Orange, LLC, may later counter

3

these allegations or provide valid defenses which would render such relief unnecessary, this Court cannot find at this time the proposed amended complaint is frivolous and thus futile. Therefore, this Court finds Alliant Tax Credit Fund 36, Ltd., and Alliant Tax Credit 36, LLC, have met the standard for granting leave to amend their complaint.

Accordingly,

**IT IS HEREBY ORDERED** the Motion for Leave to File Second Amended Counterclaims [62] is **GRANTED**. Alliant Tax Credit Fund 36, Ltd., and Alliant Tax Credit 36, LLC, shall file with this Court their Second Amended Counterclaims no later than September 29, 2017.

Dated this 26th Day of September, 2017.

E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE