UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| NTD I, LLC, NORTH TOWER DEVELOPMENT, LLC, and PAUL WEISMANN, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) )  No. 4:16CV1246 ERW ) |
| ALLIANT ASSET MANAGEMENT COMPANY, LLC, ALLIANT CAPITAL, LTD., ALLIANT CREDIT FACILITY ALP, LLC, and ALLIANT TAX CREDIT FUND 36, LTD, and ALLIANT TAX CREDIT 36, LLC., | ) ) ) ) ) ) ) |
| Defendants. | ) ) |
| ALLIANT TAX CREDIT FUND 36, LTD, and ALLIANT TAX CREDIT 36, LLC., | ) ) ) ) |
| Counterclaim Plaintiffs, | ) ) |
| v. | ) ) |
| NTD I, LLC, PAUL WEISMANN, and WC ORANGE, LLC. | ) ) ) |
| Counterclaim Defendants. | ) ) |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendants' Motions in Limine [ECF No. 187].

**I.  Defendants' Motion in Limine to Exclude Paul Corrigan from Testifying on the Occupancy Requirements of the Limited Partnership Agreement.**

In their Motion, Defendants argue the Court should exclude testimony of Paul Corrigan related to the Occupancy requirements of the Limited Partnership Agreement because he was

1

never disclosed as an expert and his experience with occupancy requirements in similar projects cannot be used to contradict the plain meaning of the terms of the Limited Partnership Agreement.

Federal Rule of Civil Procedure 26(a) requires the parties to disclose witnesses that may be used to present expert testimony at trial. Fed. R. Civ. P. 26(a)(2)(A). If a party does not satisfy the expert disclosure requirements, the "expert is excluded unless the failure was substantially justified or harmless." *Vanderberg v. Petco Animal Supplies Stores, Inc.*, 906 F.3d 698, 702 (8th Cir. 2018) *citing* Fed. R. Civ. P. 37(c)(1). Mr. Corrigan was not timely disclosed as an expert witness and the failure was neither substantially justified nor harmless.

Additionally, this Court granted, in part, Defendant's Motion for Summary Judgment [ECF No. 196] on the issue of Rental Achievement as defined in the Limited Partnership Agreement and therefore the testimony of Mr. Corrigan relating to the definition of Occupancy as it relates to Rental Achievement is moot.

This Motion will be granted.

## II. Defendants' Motion in Limine to Exclude the Testimony of William Sherbert and any Related Documents Showing his Internal Rate of Return Calculations.

In their Motion, Defendants argue the Court should exclude testimony from William Sherbert regarding his calculation of Defendants' Internal Rate of Return ("IRR") because it is inadmissible expert testimony from a non-disclosed expert and is irrelevant to any issues in the case.

Federal Rule of Civil Procedure 26(a) requires the parties to disclose witnesses that may be used to present expert testimony at trial. Fed. R. Civ. P. 26(a)(2)(A). If a party does not satisfy the expert disclosure requirements, the "expert is excluded unless the failure was substantially

justified or harmless." *Vanderberg v. Petco Animal Supplies Stores, Inc.*, 906 F.3d 698, 702 (8th Cir. 2018) *citing* Fed. R. Civ. P. 37(c)(1).

This motion will be granted, in part, and denied, in part. Mr. Sherbert will be permitted to testify as to facts arising directly from his work as an accountant for Water Tower Place, the Limited Partners, and the General Partnership.

Mr. Sherbert will not be permitted to testify regarding any hypothetical calculations or events which may potentially occur in the future, including Defendant's IRR, as that is impermissible expert testimony.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motions in Limine [ECF No. 187] is **GRANTED, in part,** and **DENIED, in part**.

So Ordered this 14th day of February, 2019.

_____
**E. RICHARD WEBBER**
**SENIOR UNITED STATES DISTRICT JUDGE**